UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KRISTOFER ASWEGAN** ) | | |
| ) | Case Number | |
| **Plaintiff** ) | | |
| ) | | |
| vs. ) | CIVIL COMPLAINT | |
| ) | | |
| **NATIONAL ENTERPRISE** ) | | |
| **SYSTEMS, INC.** ) | | |
| ) | JURY TRIAL DEMANDED | |
| **Defendant** ) | | |
| ) | | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Kristofer Aswegan, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.   Plaintiff, Kristofer Aswegan, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains a location in this District.

### III. PARTIES

4. Plaintiff, Kristofer Aswegan, is an adult natural person residing at 402 N. 15th Street, Marshalltown, Iowa 50158. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, National Enterprise Systems, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Iowa and the Commonwealth of Pennsylvania with an address at 116 Pine Street, Suite 320, Harrisburg, PA 17101 and its principal place of business located at 29125 Solon Road, Solon, OH 44139.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about March 24, 2011, at 2:21 pm (CT), Plaintiff started to receive calls from Defendant collecting on a debt allegedly owed to University of Phoenix.

8. Plaintiff believes that the debt is approximately four (4) years old.

9. Defendant's agent refused to give the Plaintiff his name.

10. On this first call, Plaintiff attempted to set up a payment plan of $50.00 a month informing the Defendant that he was unable to afford anything more at this time.

11. Defendant told the Plaintiff that $50.00 a month was not good enough and that the Defendant would never accept that amount.

12. Defendant informed the Plaintiff that they would not accept less than $800.00 a month toward this debt.

13. Defendant stated that the Plaintiff owed a balance of $2,471.00.

14. Plaintiff again informed the Defendant that he could not afford to pay that much money.

15. On that same call, Defendant then offered the Plaintiff a settlement amount of $1,600.00, but told the Plaintiff that he would have to accept the offer and pay the amount that day.

16. Plaintiff again told the Defendant that he did not have that kind of money and could not pay that day.

17. Defendant asked the Plaintiff if he could ask his family for the money.

18. Defendant then asked the Plaintiff if he planned to use his tax return to pay off the debt.

19. Plaintiff told the Defendant that his fiancée was having a baby and that he could not afford to pay the debt off at this time.

20. Defendant then asked the Plaintiff if he could get his fiancée to pay the debt for him.

21. Plaintiff then demanded to speak to a superior of the Defendant.

22. A supervisor of the Defendant did get on the line, but he also refused to give his name to the Plaintiff.

23. Defendant's supervisor reiterated to the Plaintiff that the Defendant did not care if Plaintiff wasn't working the Plaintiff was still going to pay off this account.

24. During this same conversation with Defendant's supervisor the Plaintiff was offered a slightly lower settlement amount of $1,484.00.

25. Plaintiff was told that this was the Defendant's final offer.

26. Plaintiff again stated that he could not afford more than $50.00 a month toward this debt.

27. Defendant's supervisor responded by telling the Plaintiff that he was worthless for not being able to pay his bills.

28. Before the call ended the Defendant again urged the Plaintiff to borrow the money from his family.

29. Plaintiff ended the call.

30. On or about that same day, at approximately 3:30 pm (CT), Plaintiff spoke with another agent of the Defendant who told the Plaintiff that he needed to suck up his pride and find a way to ask for the money to pay off his debt.

31. Plaintiff tried to explain to the Defendant that he was making his best effort to get a job and to start making payments, but that the economy was still bad.

32. Defendant's agent, responded by telling the Plaintiff that she disagreed with him and that the Plaintiff just needed to find a way to pay off his account.

33. Defendant stated that they did not care if the Plaintiff was out of work.

34. Plaintiff was again urged to ask his fiancée for the money to pay the Defendant.

35. As of the filing of this complaint Plaintiff has received nothing in writing from the Defendant in regards to this account.

36. The Plaintiff suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

37. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

38. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

39. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

40. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

41. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

42. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

43. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to

Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

44. The above paragraphs are hereby incorporated herein by reference.

45. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

46. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692d(6) | Placed telephone calls without disclosing his/her identity |
| §§ 1692e | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| §§ 1692e(5) | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |

      §§ 1692f      Any unfair or unconscionable means to collect or attempt to collect the alleged debt

      §§ 1692g      Failure to send the consumer a 30-day validation notice within five (5) days of the initial communication

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, National Enterprise Systems, Inc., for the following:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. § 1692k;

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.      Such additional and further relief as may be appropriate or that the interests of justice require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: November 14, 2011

By: _/s/ **Brent F. Vullings**_
Brent F. Vullings, Esquire

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff